# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

JESSE PRATT,                                                          PLAINTIFF,

VS.                                                    CIVIL ACTION NO. 4:04CV302-P-B

FRED'S OF GREENWOOD, INC.,                                            DEFENDANT.

## ORDER

This matter comes before the court upon Plaintiff's Motion to Remand [6-1]. Upon due consideration of the motion and the response filed thereto, the court finds as follows, to-wit:

The plaintiff, a Mississippi resident, filed the instant personal injury case against Fred's of Greenwood, Inc., a Tennessee resident, on August 24, 2004 in the Circuit Court of Leflore County, Mississippi. The *ad damnum* clause of the plaintiff's one-page Complaint states: "Plaintiff therefore demands judgment of and from Fred's in an amount necessary to reasonably compensate her for her injuries plus costs and interest."

On October 6, 2004, the defendant removed this action to federal court arguing the presence of federal diversity jurisdiction since there was complete diversity and the amount in controversy exceeds $75,000 – especially given that the plaintiff's *ad damnum* clause was is so vague.

On October 18, 2004, the plaintiff filed her motion to remand, arguing that the amount in controversy is not $75,000 evidenced by a letter sent by plaintiff's counsel indicating he would settle the case for $20,000 and an affidavit signed by the plaintiff herself averring that : "My claim against Fred's Dollar Store is worth less than $75,000.00. I hereby affirm that I will not demand, seek or accept any amount over $75,000.00 for my claim against Fred's arising from my fall of December 20, 2003."

1

The defendant argues that the determination of the amount in controversy is done at the time of removal and that post-removal affidavits cannot be considered.

"In order for a federal court to decline jurisdiction, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount."*De Aguilar v. Boeing Company*, 47 F.3d 1404, 1409 (5th Cir. 1995), *cert. denied*, 516 U.S. 86 (*"De Aguilar II"*) (citing *St. Paul Mercury Indemnity Company v. Red Cab Company*, 303 U.S. 283, 289 (1938)). However, "[w]hen the plaintiff's complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds [the jurisdictional amount]." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (citing *De Aguilar v. Boeing Company*, 11 F.3d 55, 58 (5th Cir. 1993) ("*De Aguilar I*")).

While it is true that "the jurisdictional facts that support removal must be judged at the time of the removal, ... post-removal affidavits may be considered in determining the amount in controversy at the time of removal ... if the basis for jurisdiction is ambiguous at the time of removal." *Gebbia v. Wal-Mart Stores*, 233 F.3d 880, 883 (5th Cir. 2000).

The court concludes that the defendant has not met its burden in showing that it is more likely than not that the amount in controversy is over $75,000. Since the *ad damnum* clause is ambiguous, the court can take into account the plaintiff's affidavit attached to her motion to remand. This affidavit specifically binds her to less than $75,000. See *De Aguilar II,* 47 F.3d at 1412 (plaintiffs "who want to prevent removal must file a binding stipulation or affidavit with their complaints.").

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Plaintiff's Motion to Remand [6-1] is **GRANTED**; therefore,

(2) This case is **REMANDED** to the Circuit Court of Leflore County, Mississippi from

whence it came; therefore,

    (3) This case is **CLOSED**.

    **SO ORDERED** this the 10th day of July, A.D., 2006.

                                            /s/ W. Allen Pepper, Jr.
                                            W. ALLEN PEPPER, JR.
                                            UNITED STATES DISTRICT JUDGE